[Civ. No. 2200.   Second Appellate District.—February 2, 1917.]

WILLIAM J. SHERRIFF, Respondent, v. LAURA E. SHERRIFF, Appellant.

ACTION TO SET ASIDE DEED—INTEREST OF DEFENDANT—PLEADING—PROPER MATTER OF ADJUDICATION.—In an action to set aside a deed made by a husband to his wife, where the complaint asks for general relief and asserts facts sufficient to show that under the contention of the defendant the title of the plaintiff to the property might be clouded, it is proper to adjudge what interest, if any, the defendant acquired by reason of the conveyance.

ID.—HUSBAND AND WIFE—DEED OF UNDIVIDED OR COMMUNITY INTEREST—ESTATE CONVEYED—CONSTRUCTION OF INSTRUMENT.—A deed from a husband to a wife of "an undivided or community interest" in certain property owned by him prior to their marriage, conveys

to her a community interest such as she would have had had the property been acquired during their marriage, and not a fee interest to the extent of one-half of the property.

ID.—CONSTRUCTION OF DEEDS.—Deeds are to be construed like any other contract and the intent of the grantor arrived at, if possible, from the terms set forth in the instrument.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Davis & Rush, and William Freeman, for Appellant.

N. Blackstock, and H. Perk, Jr., for Respondent.

JAMES, J.—This case comes here on an appeal taken from a judgment in part adverse to the defendant, and from an order made denying her motion for a new trial. The record contains a history of marital difficulties and differences. The cause of action set forth in the complaint was one in equity, the prayer being for judgment setting aside a deed given by the plaintiff to the defendant, and for general relief. In its recitation of alleged facts the complaint set forth that in May, 1911, plaintiff being a widower about sixty-nine years of age, and being possessed of an apartment house and other real property, engaged the defendant, a woman of about forty years, as a housekeeper; that a few months thereafter plaintiff and defendant were married; that prior to the marriage the defendant expressed great love and affection for the plaintiff, and that the plaintiff upon entering into an engagement of marriage with her, agreed to make a will in which he would devise to the wife an undivided one-half "or community" interest in all of his property and estate; that this arrangement was satisfactory to the defendant, but that immediately after the marriage defendant ceased to show any affection for the plaintiff and demanded of him that he execute a deed to her, in lieu of making provision for her in a will, and that she then agreed, "promised and bound herself to aid, assist, and help the plaintiff carry on and conduct his business, and to look after and care for his household and superintend the same, and to prepare his meals," etc.; that believing in her promises and assurances, plaintiff executed a

deed, which he caused to be placed of record in the recorder's office, transferring to her an interest in certain described property. The form of the deed used was that commonly termed "bargain and sale," except that the consideration recited was that of love and affection. It also contained the following recitation: "That the said party of the first part, . . . does by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, and to her heirs and assigns forever, all the real property situated in the city and county of Los Angeles, state of California, and described as follows, to-wit: An undivided or community interest in all of the following described parcels and tracts of land:" Then follows a description of the particular property and the usual closing clauses of a deed. In the complaint it was further alleged that it was understood between the parties that the deed conveyed only the interest which a wife would have in the community estate after marriage, but that after the deed was executed the defendant claimed a fee-simple title, and on various occasions asserted that she owned such an estate, and demanded that the rents and profits of the estate in part be turned over to her for her own personal uses. It was then alleged: "That this claim on the part of the defendant has seriously interfered with plaintiff's control of his said property, and in meeting his expenses, and has heretofore and will hereafter, unless the said deed is canceled, prevent the plaintiff from conveying and alienating his said property without the consent of the defendant; that the said deed is a cloud upon plaintiff's title, and is calculated to and does interfere seriously with plaintiff's control of his said property and prevents his free management thereof and its alienation without interference on the part of the defendant." The trial judge determined by his findings that the plaintiff was not entitled to a judgment canceling the deed. In his oral opinion, the judge summed up his conclusions epigrammatically as follows: "He knew that a man of his age could not marry a woman of her age, unless he had property, and he knew well enough that he had to convince her that he had some property before she would marry him, and it is very plain to the court that she would not have married him— she says she married him for a home—I am satisfied she married him because she thought he was wealthy; I don't think there was any other reason for it; I don't think it is natural

for people so different in age to be married; and, as I stated this morning, it has been my observation that, whenever a woman marries a man thirty or forty years older than she is—it may be an accident—but he always has money; it never occurs in any other way. . . . Of course, she got tired of him; she probably knew before she married him that she would get tired of him—a man as old as he was; and after awhile he got tired of her. They both made a bad bargain; there is no question about it. She probably thought she could marry him and see this thing through, but she got tired of it. I think it was nothing more on her part than a speculation, and people, where they make speculations of that sort, they ought to see them through, and take what is coming. If a man lives two or three years, why they get the best of it; and if he lives a good while longer, why then they don't, but they takes these chances, and as far as I can, whenever I can do so, I try, as one of the witnesses stated here to-day, to see that as long as they have made their bed they have to lie in it. As far as he is concerned—seventy-three years old— he wasn't in his dotage; he is a shrewd man, in the habit of taking care of his property, but when he got a chance to marry a woman thirty years younger than himself, he went in and made promises about his property, and when it didn't pan out to his satisfaction then he comes into court and wants the protection of the court. I don't believe the court is bound to protect men, especially business men, who understand themselves, when they won't protect themselves.'' The court made very full findings of fact in which his conclusions were stated at greater length, but to the same intent as set forth in that portion of the oral opinion quoted. The judgment in consequence decreed the deed to be valid, but, particularly construing it, determined that it conveyed a community interest "such as the defendant would have if the property had been acquired during their marriage." We think that the findings and judgment are entirely within the issues made by the pleadings. The complaint asked for general relief, and asserted facts sufficient to show that under the contention of the defendant the title of the plaintiff in his real estate might be clouded, and that being true, it was proper to adjudge what interest, if any, the defendant acquired in the property of the plaintiff by reason of the conveyance. The complaint, it is true, is unusually long; it contains a recitation of much evi-

dentiary matter, but there can be gleaned from it enough to make out a cause of action which is sufficient to support the judgment. In so far as the findings rest upon oral testimony of facts about which there was a conflict of evidence, necessarily we are concluded by the findings of the trial court. The deed itself, we think further, does not purport to convey a fee interest to the extent of one-half of the property described. While it contains general terms, it also contains terms of limitation when it is recited that the estate conveyed is "an undivided or community interest." Under the modern rule of interpretation at least, deeds are to be construed like other contracts and the intent of the grantor arrived at, if possible, from the terms set forth in the instrument. As this court said in the case of *Firth* v. *Los Angeles Pacific Land Co.*, 28 Cal. App. 399, [152 Pac. 935], referring to authorities on this subject: "It has often been declared that a deed of conveyance is but a contract, subject to the usual and ordinary rules of construction applicable to such instruments. One of these rules, generally adopted and constantly applied, is that the whole of the instrument shall be examined in order to ascertain the intent of the parties." In the case cited the instrument of conveyance first purported to make an unreserved transfer in fee simple, and there followed words of condition which were held to limit its operation and effect. We think the construction applied by the court to the deed here under consideration was reasonable and altogether in harmony with the terms of the instrument itself. It appeared by an amendment to the complaint that plaintiff and defendant, at one time after their marriage, had joined in making a grant, bargain, and sale deed to an abstract company in order to carry out negotiations for a loan, and that a deed was executed back to the plaintiff and defendant in the same form. It is not apparent how this transaction would have the effect in any wise of enlarging the interest of the defendant in the property as acquired under the first deed made by the plaintiff to her.

We have examined very carefully the extensive record which is submitted with this appeal, and are of the opinion that there is no merit in the questions which are presented in the argument of the appellant.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.