[Civ. No. 11464. Second Appellate District, Division Two.—May 20, 1937.]

In the Matter of the Estate of CHARLES HENRY OLIVER, Deceased. JULIA A. CARR, Appellant, v. CALIFORNIA FIRST NATIONAL BANK OF LONG BEACH, Trustee, etc., Respondent.

W. D. McAllister and Harmel L. Pratt for Appellant.

W. Ward Johnson for Respondent.

WOOD, J.—The petitioner, Julia A. Carr, appeals from an order of the superior court denying her application for an order requiring respondent trustee to make payments from the *corpus* of the trust estate.

By the will of Charles Henry Oliver, who died February 18, 1929, a trust was created and the trustees were directed to convert all of the property into cash and reinvest it in securities that would net at least six per cent. In its sixth paragraph the will provided: "The Trustees are to collect and receive the income of said Trust Fund and pay the same over as it occurs and is collected to the Beneficiaries for whom it is set apart during their natural life of such Beneficiary." Subsequent paragraphs of the will provided: "Ninth—I give and bequeath to my friend Mrs. Julia A. Carr, residing at Pokeepsie, New York, the sum of Eighteen Hundred Dollars, per year during her life. The same to be paid in monthly installments if possible, at the rate of One Hundred and Fifty Dollars per month. Tenth—The balance of the income of said Trust Fund I give and bequeath to my brother George W. Oliver residing at Wyandanch, Long Island, New York, the same to be paid as it occurs and is collected. Eleventh—The Trust Fund must be kept in tact during the life of my brother,

and my friend Mrs. Julia A. Carr, and the survivor is to receive the full income of said Trust Fund during his or her life. Twelfth—At the death of both my brother and Mrs. Julia A. Carr the estate is to be closed and settled and direct that the principal of said Trust Fund to be distributed as follows.'' At the time of the distribution, June 30, 1930, the estate was valued at $85,782.67. The trustee filed various accounts showing that the income of the estate was insufficient to pay to petitioner the sum of $1800 per year. Upon the filing by the trustee of its third annual account the court made an order that the costs and expenses of managing the trust should be paid out of the *corpus* of the estate. The trustee appealed from this order, which was affirmed by this court. (*Estate of Oliver,* 10 Cal. App. (2d) 336 [51 Pac. (2d) 1118].)

In affirming the order just mentioned this court said: ''Mrs. Carr does not appeal, and her rights, if any, to an additional order are not before us for review. . . . Paragraph nine of the will creates an annuity in favor of Mrs. Carr. . . . The trustee cites no authority which holds that expenses of administration of a trust may not be paid from the *corpus* of a trust where the decree of distribution creates an annuity; and we know of none. We are not referring, of course, to cases where the will expressly provides that periodical payments shall be made from the income.'' The opinion on the former appeal was before the court at the hearing of the present petition. The order of the trial court denying the petition contained the following: ''In the opinion in that case the appellate court, by way of discussion, assumed that the provision in favor of Mrs. Carr was an annuity. But as that matter was not before the court the accuracy of the assumption was not given the test and consideration it no doubt would have been given had it been made an issue.'' Whether the question concerning the nature of Mrs. Carr's legacy was before the court on the former appeal need not now be decided since we are satisfied with the statement made in the former opinion that the will creates an annuity in favor of Mrs. Carr. As pointed out in the former opinion the bequest to Mrs. Carr is positive and certain and without condition. No provision is contained in the will whereby payments are limited to income. Section 104 of the Probate Code is in point: ''A clear and distinct devise or bequest cannot be affected by any reasons assigned

therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will.'' Respondent argues that an examination of the entire will shows that it was the intention of the testator that payments to Mrs. Carr be made from income only. In doing so he resorts to ''inference'' and ''argument'', a procedure which is prohibited by the section just quoted.

■ Respondent contends that the order made by the trial court upon the filing of the trustee's third annual account has finally disposed of the claim of Mrs. Carr to have the amount of her annuity paid from the *corpus* of the estate. According to the statements in the briefs a wide disagreement exists between the respective counsel as to what order was actually made. The transcript does not contain a copy of the order. There is nothing before us upon which a decision on this point can be made.

The order is reversed.

Crail, P. J., and McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 19, 1937.