[Civ. No. 2604. Fourth Appellate District.—February 25, 1941.]

J. BURRIS MITCHEL et al., Respondents, v. ARTHUR POLK BROWN et al., Appellants.

Borton, Petrini, Conron & Borton for Appellants.

Newby & Newby, Dee Holder, Alfred Siemon and Bennett Siemon for Respondents.

KLETTE, J., *pro tem.*—On October 27, 1936, Arthur P. Brown, and Maybelle B. Brown, his wife, two of the defendants and appellants, executed and delivered to The Mitchel Company, Ltd., a corporation, the predecessor in interest of plaintiffs and respondents, a mineral deed, which, omitting the opening and closing clauses, the description of property not involved in this case, and the consideration stated, was as follows:

"WITNESSETH:

"That said First Parties, . . . do by these presents grant, bargain and sell unto second party and to its successors and assigns forever, an undivided two and one-half per cent ($2\frac{1}{2}\%$) of all oil, gas, gasoline, and other hydrocarbon substances, and/or minerals now underlying and within or that may be hereafter produced, saved, sold

and delivered from the following described property situate in the County of Kern, State of California, to-wit:

"All those pieces or parcels of land in Section 21, Township 27 S, Range 24 E., M. D. B. M. in the County of Kern, State of California, according to the Official Plat of the survey of said land, returned to the General Land Office, described as follows:

"Parcel No. 1:
(Describes property not involved in this case.)

"Parcel No. 2:
(Describes property not involved in this case.)

"Parcel No. 4:
(Describes property not involved in this case.)
"J.E.Mc   N.P.   10/27/36

" 'An undivided ½ of' Parcel No. 5:
"The NW¼ of said Section 21.

"The acceptance of this Deed by Second Party shall constitute an agreement, whereby it agrees to pay its proportionate share of any and all taxes levied against any oil, gas, gasoline, hydrocarbon substances and minerals underlying said land, or that may be hereafter produced from said land, as assessed by the County Assessor.

"Notice is hereby given that Parcels No. 1, 2, 4 and 5 are subject to an oil and gas lease wherein first parties herein and Charles A. Reed and Rosa B. Reed, husband and wife, are lessors, and the Mitchel Company, Ltd., a California corporation, is lessee.

"Said two and one-half per cent (2½%) interest so conveyed hereby shall be deducted from the royalty interest of first parties, from the above mentioned leases or any other leases that hereafter may be made, covering said above described property.

"To have and to hold said two and one-half per cent (2½%) interest of all oil, gas, gasoline, hydrocarbon substances and other minerals unto Second Party and its successors and assigns forever."

The complaint is in three counts, the first to quiet title to 2½ per cent of all oil, gas, etc., underlying the northwest quarter of section 21, which is parcel No. 5 of the deed; the second to reform the deed to conform to the intent of the

parties, that plaintiffs have a 2½ per cent interest in all gas and oil underlying the northwest quarter of said section 21; and the third for declaratory relief.

The answer places in issue the material allegations of the complaint, and alleges that the words, "an undivided ½ of", contained in said deed, were interlined in handwriting, and that the intention was to convey a 2½ per cent interest in the oil and gas of an undivided one-half interest in said quarter section. The answer admits, by failing to deny, that the interests of James P. George and Evangeline M. Ogden, two of defendants and appellants, were acquired with knowledge of the alleged rights of plaintiffs and respondents.

At the trial, the second count, that to reform the deed, was abandoned by plaintiffs and respondents, and the hearing had on the first and third counts of the complaint, being to quiet title and for declaratory relief, respectively. No witnesses were sworn, and the only evidence before the court was a copy of the deed, and a stipulation of counsel, made in open court, that at the time the deed was executed, defendants and appellants, Arthur P. Brown, and Maybelle B. Brown, only owned an undivided one-half interest in the land in question.

The only issue therefore before the trial court, and before this court, on the appeal, is the construction and effect of the words, "an undivided ½ of", inserted in the deed, in handwriting, before its execution and delivery.

The court found in favor of plaintiffs and respondents on practically all of the material allegations of the complaint, and rendered judgment, that plaintiffs and respondents, were entitled to 2½ per cent of all oil, gas, etc., underlying said 160 acres of land. Defendants and appellants have appealed from this judgment.

Several of the findings are not supported by the evidence, or the admissions of the pleadings. There was no evidence before the court to sustain the finding that it was the intention of the parties to the deed to convey 2½ per cent of all oil, gas, etc., underlying the 160 acres of land, nor to support the finding that the predecessors in interest of plaintiffs and respondents, accepted said deed under the belief they were to receive 2½ per cent of all oil, gas, etc., from said land, in accordance with the original intention of the parties. The finding of the court, that plaintiffs and respondents, are entitled to 2½ per cent of all oil, gas, etc., under said quarter

section, and that the title thereto be quieted in them, is based upon a construction of the deed, with which we do not agree.

■ Deeds are to be construed in like manner as contracts, and the intent of the grantor arrived at, if possible, from the terms set forth in the instrument. (*Sherriff* v. *Sherriff*, 32 Cal. App. 681 [163 Pac. 878]; *Firth* v. *Los Angeles Pacific Land Co.*, 28 Cal. App. 399 [152 Pac. 935]; *Marlin* v. *Robinson*, 123 Cal. App. 373 [11 Pac. (2d) 70]; sec. 1066, Civ. Code.) A contract must be so interpreted as to give effect to the mutual intention of the parties. (Sec. 1636, Civ. Code; *Marlin* v. *Robinson, supra.*) The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity. (Sec. 1638, Civ. Code.) The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other. (Sec. 1641, Civ. Code.) ■ It is not the province of the court to alter a contract by construction, or to make a new contract for the parties, nor can the court rewrite the clear terms of a lawful contract. (*Wells* v. *Union Oil Co.*, 25 Cal. App. (2d) 165 [76 Pac. (2d) 696]; *Grey* v. *Tubbs*, 43 Cal. 359; *Greene* v. *Vargas*, 7 Cal. App. (2d) 127 [45 Pac. (2d) 347]; *Hill* v. *General Petroleum Corp.*, 128 Cal. App. 284 [16 Pac. (2d) 1035].)

■ Applying these rules of construction to the deed before us, we can only conclude, that it was the intention of the grantors to convey 2½ per cent of the oil, gas, etc., recovered from the land they actually owned, which was an undivided half interest in 160 acres, and that they did not intend to convey that percentage of all the oil recovered from the entire tract, as held by the trial court. The grantors were in the position of having a deed before them to execute, which conveyed 2½ per cent of all oil, gas, etc., in certain land, including 160 acres of land in which they held only an undivided one-half interest. Before signing, they inserted in handwriting, the words "an undivided ½ of", before the description of the property in which they held only a one-half interest. This left the deed reading 2½ per cent of all oil, gas, etc., in an undivided one-half of the land in question. Their intention in so doing was quite clear. It was to limit the 2½ per cent royalty to the undivided interest which they owned, and exclude it as to the interest they did not own. If, as contended by respondents, they still intended to convey a

2½ per cent of the oil in the entire 160 acres of land, they were doing a meaningless and useless act. As to all of the other land described in the deed, they were only conveying a 2½ per cent interest, and it is not reasonable to suppose, that they intended to convey 2½ per cent of the oil, etc., of the entire 160 acres of land, which would be the equivalent of 5 per cent of the one-half interest held by them.

When an appeal depends solely upon the construction to be given to the language of a contract, from the instrument itself, the reviewing court is called upon to determine the meaning thereof, as a matter of law. Under such circumstances, the rule on appeal, which precludes the appellate court from disturbing the determination of the trial court, where there is substantial evidence to support its conclusions, has no application. (*Texas Company* v. *Todd,* 19 Cal. App. (2d) 174 [64 Pac. (2d) 1180]; *Wall* v. *Equitable Life Assur. Soc.,* 33 Cal. App. (2d) 112 [91 Pac. (2d) 145].) Under the circumstances of this case, no evidence, other than the deed itself, having been received, the construction of the deed, is a question of law, for this court to determine on appeal.

Our conclusion is, that the only reasonable construction to be placed upon said deed, is, that it only conveyed a 2½ per cent interest in the oil, gas, etc., in the property which was owned by the grantors, to wit, an undivided one-half interest in the quarter section, and not in the entire 160 acres of land, and that the findings and judgment are not supported by the evidence.

The judgment appealed from is reversed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 24, 1941, and respondents' petition for a hearing by the Supreme Court was denied April 24, 1941.