[Civ. No. 16452.   Second Dist., Div. Two.   Oct. 5, 1948.]

O. G. STARK, Appellant, v. JOHN W. KILGORE et al., Respondents.

Richard K. Gandy, Robert G. Cockins and Mark E. O'Leary for Appellant.

Ryan & Ryan, Milan E. Ryan and John B. Moore for Respondents.

MOORE, P. J.—Judgment having denied him commissions allegedly earned as a selling agent of respondents, appellant

seeks a reversal on the sole ground that the findings do not support the judgment.

In 1941, respondent Kilgore operated a real estate brokerage business in Los Angeles County. In that year by a writing he employed appellant as a salesman. In 1943, such writing was amended by a memorandum which contains the following rules governing the division of commissions:

"1. All salesmen will alternate days on the floor, except between the hours of 11:30 am to 1 pm. This period will belong to Mrs. Heaton.

"2. It will be the duty of the salesmen on the floor to see that the office is taken care of and wastepaper baskets emptied.

"3. All new prospects (potential customers) which come into the office will belong to the salesman whose day it is, providing he is on the floor.

"4. Salesmen making a sale will receive 60% of commission received by office except in the following cases:—When salesman and office work together on a sale, the commission will be 50-50."

The foregoing provisions remained in full force and effect as the rules for the division of commissions until appellant was discharged on September 26, 1946. Respondent Nichols joined Kilgore as copartner, January 1, 1946, and thereupon because a party to the commission agreement.

Four transactions or sales relate to or are involved in the instant action. The first two had their inception on days when appellant was "on the floor" and were consummated or negotiated by him; transactions three and four were effected by respondents without any assistance on the part of appellant and were initiated on days when appellant was not "on the floor." The four are as follows: (1) On July 14, 1944, one Marion Zaninovich called at respondents' office while appellant was on the floor. Property on Santa Monica boulevard was eventually purchased by Marion's brother-in-law, Peter Jakovich. In conformity with the agreement appellant received 50 per cent of the commission earned. (2) On a day prior to July 27, 1945, Peter Jakovich and George Zaninovich entered respondents' office while appellant was on the floor. Parcels in Tract 8978 were shown them by appellant and were eventually purchased by Jakovich and George and Marion Zaninovich. Appellant received 50 per cent of the commission earned by that sale. No claim is based upon either of these transactions. In both instances

appellant was on the floor and also assisted in the negotiations.

The situation in transactions three and four is wholly dissimilar to that which obtained in the first two. (3) On February 8, 1946, respondents as brokers sold to Marion Zaninovich certain real property on Crenshaw boulevard. (4) In May, 1946, they effected a sale to Marion of real property situate on Wilshire Boulevard. In the sale of neither did appellant contribute any effort or activity. Respondents collected no commission on the sales but in lieu thereof were employed to manage the properties for Zaninovich. It is the commissions on the two last-mentioned sales in which appellant seeks to share. His claim is based upon his construction of the above-quoted commission agreement.

In addition to the finding that the commission agreement was in full force and effect between the parties during the period in which all transactions occurred, the court found that appellant gave no assistance in negotiating or consummating sales three and four and did nothing with regard to the management of either property; that he received nothing by reason of either of said transactions as a commission or in lieu of a commission; that respondents have made a full and complete accounting to appellant on all other business closed between July 1, 1941, and September 26, 1946, which was due to appellant's efforts and activities pursuant to said employment, and that he has been paid in full all sums due him therefor. On the basis of these findings judgment was entered for defendants.

Appellant bottoms his argument on the proposition contained in rule 3 that "all new prospects which come into the office will belong to the salesman whose day it is, provided he is on the floor." It is argued that since the purchaser first entered respondent's office on July 14, 1944, when appellant was on the floor, Zaninovich became appellant's prospect, and that any subsequent sale to him would entitle appellant to share in the commission earned even though appellant did not act to effect such sale. Appellant also asserts that any other construction would be a radical departure from the explicit terms of rule 3, and that therefore the trial court was unwarranted in taking any view other than that contended for by appellant.

Appellant cites *Mitchel v. Brown*, 43 Cal.App.2d 217 [110 P.2d 456]; *Cousins Investment Co. v. Hastings Clothing Co.*.

45 Cal.App.2d 141 [113 P.2d 878] and Code of Civil Procedure, section 1858, to the effect that a court may not vary the terms of a written agreement. Conceding this to be the law it does not follow that the court in the instant case varied the terms of the agreement. The construction of the trial court was that since appellant contributed no "effort or activity" to the two latter sales to Zaninovich he was not entitled to any commission thereon. Such a construction is a reasonable interpretation of the commission agreement which clearly confines appellant's right to a share of the commissions earned on sales which emanated from the first visit of potential customers while appellant was on the floor. Until such a sale is consummated the prospect "will belong to the salesman whose day it is." But when the sale had been accomplished and the commission earned, the purchaser then ceased to be a prospect. Any subsequent return by the same buyer would automatically make him a new prospect belonging "to the salesman whose day it is." Such salesman would not necessarily be identical with him who was on the floor at the time of the prospect's prior visit. Not only is such construction not strained but it is rational and accords with the unequivocal language of the agreement. The interpretation contended for by appellant on the other hand is utterly fallacious. Its adoption would infringe upon the rights of his fellow salesmen.

From the foregoing it must be clear that the payments of commissions on sales 1 and 2 were not precedents for the payment of the claims urged by this action, and are not to be deemed as such a construction of the agreement as would warrant appellant's recovery of commissions on sales 3 and 4. The latter's rights under his first two sales are readily distinguishable from his claims asserted under the later sales.

The fact that the agreement was amended in 1943 to include the four quoted regulations does not require the conclusion that sales made by respondents without any assistance from appellant to a purchaser who came to respondents' office on days when appellant was not "on the floor" were such as to entitle appellant to a share of the commissions. The agreement shows a lack of any such intention. ■ But if the language of the agreement were not so persuasive appellant must fail because his present claims are a radical departure from his allegations which assert a right to share in the commissions on sales because they were "due to plaintiff's efforts and activities pursuant to said

employment." In the absence of proof of either "activity" or "effort" on the part of appellant in effecting sales 3 and 4 his recovery was not legally possible. His contention before this court that he was entitled to commissions on sales 3 and 4 because he had made sales to Zaninovich in 1944 and 1945 finds no support in logic or in law.

█ Inasmuch as no attack is made upon the findings it follows that if the construction given by the trial court is one which is reasonable and consistent with the true intent and meaning of the parties it would not lie within the province of the reviewing court to annul the determination and judgment of the trial court and substitute a new interpretation simply because it is also possible. (*McNeny* v. *Touchstone*, 7 Cal.2d 429, 436 [60 P.2d 986].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.