[Civ. No. 18154. Second Dist., Div. Three. Apr. 20, 1951.]

Estate of BERT H. ERLANGER, Deceased. GERALDINE ERLANGER, Appellant, v. BELLE S. ERLANGER, Respondent.

Carl B. Sturzenacker for Appellant.

A. Brigham Rose for Respondent.

BARTLETT, J. pro tem.—This is an appeal by the executrix of the estate of Bert H. Erlanger, deceased, from the decree of distribution entered therein. The portion of the will involved in this appeal is the following: "SECOND: I hereby direct that out of my estate shall be paid to my mother, BELLE S. ERLANGER, if she be still living at the time of my demise, the sum of Two Hundred Fifty Dollars ($250.00) per month for her support and maintenance;

"THIRD: I hereby will, bequeath and devise unto my beloved wife, GERALDINE ERLANGER, all of my property of which I may die possessed be it real, personal or mixed, or wherever the same may be located, to have and to hold subject to the following terms and provisions:

"I hereby direct that during the probate of my estate my executrix hereinafter named shall pay out of the income of my estate, if sufficient, and if not sufficient, out of my estate the sum of Two Hundred Fifty Dollars ($250.00) per month to my mother, BELLE S. ERLANGER, if she be still living;

"FOURTH: I hereby direct that upon the close of my estate all of my assets shall be distributed to my wife, GERALDINE ERLANGER, and out of the income of said estate, she shall pay to my mother, BELLE S. ERLANGER, the sums above set forth, during her lifetime." The portion of the decree of distribution which is under attack reads, in part, as follows: "To Geraldine Erlanger, subject only to the trust created in behalf of Belle S. Erlanger, mother of the decedent, to pay to

her on the first day of each and every month during her lifetime the sum of $250.00 per month out of the income of the estate herein, and that if said income be insufficient, said Geraldine Erlanger shall invade the principal in order to assure and secure to said Belle S. Erlanger the aforesaid monthly payments." The only question before us is whether or not it was the testator's intention that after the probate proceedings had ended the trustee, in the event the income was insufficient to pay the entire sum of $250 per month to respondent, should invade the principal of the trust estate created, to make up the difference.

The paragraph of the will numbered "SECOND" taken alone would be ambiguous as to how, when, from what and by whom the payments should be made. However, reading the clauses of the will marked "THIRD" and "FOURTH" respectively, we see that possible ambiguities are cleared up and the provisions in regard to the payment of this income are clear, specific and certain. By the paragraph marked "THIRD" the testator directed that during probate if the income from the estate was insufficient to make the payment of $250 per month, then the executrix should make up the difference out of the estate. The paragraph marked "FOURTH" is equally unambiguous, clear and explicit and provides that all of the assets of the estate shall be distributed to appellant and ". . . out of the income of said estate . . ." she shall pay the specified sum to respondent during her lifetime. (Italics ours.) This clause is direct, means what it says, provides for a bequest of income only and does not call for interpretation.

In *Estate of Roberts*, 27 Cal.2d 70, 73 [162 P.2d 461], the will provided that: " 'After the payment of my just and lawful debts, I give, devise and bequeath to my wife, Elizabeth Clare Roberts, Two Hundred Dollars ($200.00) per month for her natural life out of the rents and receipts of my estate. . . .' " The court said (p. 77) : "The widow's bequest, as one of income, was to be met by the net income of the estate. Unlike the recipient of an annuity (Prob. Code, § 161(3)) she was entitled to the periodic payments specified in the will only insofar as there was income to meet them. (*Estate of Brown*, 143 Cal. 450, 455 [77 P. 160] ; *Estate of Bourn*, 25 Cal.App.2d 590, 599 [78 P.2d 193] ; *Estate of Oliver*, 21 Cal. App.2d 106, 108 [68 P.2d 735] ; see 2 Cal.Jur. 78; 2 Am.Jur. 824; 20 Words and Phrases, 465; 109 A.L.R. 717.)" A like provision in a will such as we have here was also construed in *Estate of Markham*, 28 Cal.2d 69 [168 P.2d 669]. There

the testator provided that from the income of the estate his sister should be paid $100 per month during her natural life. Referring to this provision of the will the court said (pp. 73, 74): "On the other hand the beneficiary of a trust to pay income or the legatee of an income is ordinarily dependent upon the existence of income, the amount received by him fluctuating with the income. The rule is and should be that a provision that payments shall be made from the net income of the trust property compels the conclusion that neither the corpus nor income in future years may be used unless there is a clear expression to the contrary in the trust instrument. (See *Estate of Platt,* 21 Cal.2d 343 [131 P.2d 825]; *Estate of Phelps,* 179 Cal. 703 [178 P. 846]; *Estate of Brown,* 143 Cal. 450 [77 P. 160]; *In re Mackay,* 107 Cal. 303 [40 P. 558]; *Estate of Lockhart,* 21 Cal.App.2d 574 [69 P.2d 1001]; *Clayes v. Nutter,* 49 Cal.App. 148 [192 P. 870]; *cf. Estate of Roberts,* 27 Cal.2d 70 [162 P.2d 461]; *Crew v. Pratt,* 119 Cal. 131 [51 P. 44]; *Estate of Watson,* 32 Cal.App.2d 594 [90 P.2d 349]; *Estate of Bourn,* 25 Cal.App.2d 590, 600-601 [78 P.2d 193]; *Estate of Oliver,* 21 Cal.App.2d 106 [68 P.2d 735]; see 2 Am. Jur., Annuities, § 19; cases collected L.R.A. 1917E 580; 136 A.L.R. 69.)"

The only case to which out attention is called by respondent is set forth in the following quotation from her brief: "It is respectfully submitted that this court is bound by said interpretation under the laws by the Supreme Court decision entitled, *Estate of Rule* reported in 25 Cal.2d 1, 11 [152 P.2d 1003] wherein it is adjudged that an 'Appellate Court will accept or adhere to the interpretation . . . adopted by the trial court— and not substitute another of its own.' " In the foregoing quotation from the decision of the court the remarkable expedient is used of placing a period in the middle of a sentence and omitting the remainder of that sentence. The entire sentence from which the excerpt is made is as follows: "The rule is that an 'appellate court will accept or adhere to the interpretation [of a contract] adopted by the trial court— and not substitute another of its own—. . . where parol evidence was introduced in aid of its interpretation, and such evidence . . . is such that conflicting inferences may be drawn therefrom.' (4 Cal.Jur. 10-Yr.Supp. (1943 rev.) 146-147, § 192; see, also, 2 Cal.Jur. 934-939, § 549.)" (*Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003].) In the case before us there is not one word of testimony concerning the intent of the testator. ■ This case is typical of those where the rule

which governs appellate courts in the construction of written instruments under such circumstances is that set forth in the *Estate of Platt*, 21 Cal.2d 343 at page 352 [131 P.2d 825], as follows: "An appellate court is not bound by a construction of the contract based solely upon the terms of the written instrument without the aid of evidence (*Brant* v. *California Dairies, Inc.*, 4 Cal.2d 128 [48 P.2d 13]; *Boyer* v. *United States Fidelity & Guaranty Co.*, 206 Cal. 273, 279 [274 P. 57]; *O'Connor* v. *West Sacramento Co.*, 189 Cal. 7, 17 [207 P. 527]; *Estate of Thomson*, 165 Cal. 290 [131 P. 1045]; *Mitchel* v. *Brown*, 43 Cal.App.2d 217 [110 P.2d 456]; *Wall* v. *Equitable Life Assur. Society*, 33 Cal.App.2d 112 [91 P.2d 145]; *Texas Co.* v. *Todd*, 19 Cal.App.2d 174 [64 P.2d 1180]), where there is no conflict in the evidence (*Moffatt* v. *Tight*, 44 Cal.App.2d 643 [112 P.2d 910]), or a determination has been made upon incompetent evidence (*Rilovich* v. *Raymond*, 20 Cal.App.2d 630 [67 P.2d 1062]). Under these circumstances, there is no issue of fact, and it is the duty of an appellate court to make the final determination in accordance with the applicable principles of law."

For the reasons which we have stated the decree of distribution, insofar as it determines that if the income from the trust estate created therein is insufficient to pay the sum of $250 per month to respondent, appellant is to invade the principal of the estate to secure respondent said sum, is reversed with directions to the trial court to amend the conclusions of law and to enter a modified decree in accordance with the views herein expressed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 15, 1951, and respondent's petition for a hearing by the Supreme Court was denied June 18, 1951.