[Civ. No. 6363.   Fourth Dist.   Nov. 10, 1960.]

Estate of JENNIE E. LAWSON, Deceased.   GEORGE C. LAWSON, Appellant, v. LEORA D. HAMILTON, Respondent.

Walker & Sullivan and J. R. Walker, Jr., for Appellant.

Nichols & Hodge and Richard E. Hodge for Respondent.

McMURRAY, J. pro tem.*—This is an appeal from an order determining interests in estate and from an order denying motion to vacate order and enter a different order or in the alternative for new trial.

Jennie E. Lawson, a spinster, died June 20, 1958. Her holographic will was admitted to probate on July 20, 1958. All the named legatees and beneficiaries survived the testatrix. Her surviving next of kin were her sister, Annie F. Plymire, her grandnephew, Gary Plymire, and George C. Lawson, Anita Du Bois and Ruth Cummings, children of her deceased first cousin.

On August 29, 1959, Annie Plymire died.

The administrator with will annexed petitioned the court for a decree determining interest in estate, because of conflicting claims arising under the will of decedent.

The portions of the will here pertinent are as follows:

"If my sister Mrs. Annie F. Plymire outlives me, I want to have her have the *income* the best of everything as long as she lives. from all my property J.E.L. . . . To my cousin George C. Lawson I want the income from the loan to the Crocketts $150.00 a month until loan has been settled, I do not want him to have any of the principle [sic] at any time. To a cousin Anita Du Boise of Visalia I bequeath ten thousand dollars ($10,000.00) To a cousin Mrs. Ruth Cummings of 1106 Glen Dr. San Leandro Calif also ten thousand dollars. Jennie E. Lawson To Juanita Crockett—five thousand dollars ($5000.00.) To Mrs. Mabel Wagner of El Poco Lodge

---

*Assigned by Chairman of Judicial Council.

$5,000.00 . . . Also to Gary Plymire son of my nephew Harry L. Plymire deceased, I leave Gary Five Thousand dollars and a letter to him. If George C. Lawson is deceased. I want the amount to be paid to his two sisters. I want the Bank of America to have this will in trust and to do with it as I have stated. . . ."

The trial court interpreted the will and the interests therein created as follows: The specific legatees are to receive the amounts designated. George C. Lawson is to receive that portion of the payment on the Crockett note attributable to interest as distinguished from principal; these payments are to terminate upon the death of George C. Lawson or upon the full payment of the note whichever occurs earliest. In the event that George C. Lawson dies before full payment of said note, his sisters Anita Du Bois and Ruth Cummings are to receive the payments on the note attributable to interest, share and share alike. The payments of principal on said note shall go into the residue of decedent's estate and the entire residue of the estate shall pass by intestacy to the estate of Annie F. Plymire.

Appellant urges that by the language of the will it is apparent that the testatrix intended him to receive the entire payments of $150 per month on the Crockett note and that upon his death any balance due on that note be distributed in equal shares to his sisters. To support this position, appellant argues that the testatrix was not familiar with the technical meaning of the words "income" and "principal" (the word was spelled "principle" in the will), and that by "principal" she meant payments on the loan in excess of $150 per month.

Appellant also contends that if two interpretations of a will are possible, an interpretation avoiding intestacy is preferred.

Testimony was taken in the trial court, but this appeal is on only a clerk's transcript, and the testimony is not before this court. Therefore, under familiar rules, this court must be bound by the trial court's finding as the interpretation is a mixed question of law and fact which requires that this court abide by the interpretation of the will formed by the trial court. (*Estate of Rule,* 25 Cal.2d 1, 11 [152 P.2d 1003, 155 A.L.R. 1319].)

However, a full reading of the will persuades us that the interpretation placed on the will is a proper one. Probate Code, section 106, provides in part: ". . . technical

words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention.'' Here, the context providing, as it does, ''. . . I do not want him to have any of the principle at any time,'' bolsters the interpretation of the words in their technical sense. Furthermore, the provision in the will as to paying the income from all her property to her sister shows that testatrix was well aware of the import of her words. The interpretation here adopted is supported by *Estate of Erlanger*, 103 Cal.App.2d 659, where it is said, at page 661 [230 P.2d 33] :

''The paragraph marked 'Fourth' is equally unambiguous, clear and explicit and provides that all of the assets of the estate shall be distributed to appellant and '. . . *out of the income of said estate . . .*' she shall pay the specified sum to respondent during her lifetime. (Italics ours.) This clause is direct, means what it says, provides for a bequest of income only and does not call for interpretation,'' and the court reversed the decree of the trial court which provided that if the income from the trust estate were insufficient to pay the sum of $250 per month to respondent the principal thereof might be invaded to make such payment.

As further support to the interpretation here given by the trial court is the language in *Estate of Davis*, 75 Cal. App.2d 528, at page 533 [171 P.2d 463] :

''As commonly used, the word 'income' means returns from investments or earnings of property, as distinguished from appreciations in value of the property or profits from buying and selling. When the words 'income' or 'net income' are used in a document, they must be given the meaning commonly attributed to them, unless it can be seen that the maker of the document intended them to have a different meaning.''

The same case, in construing the intent expressed by using the phrase ''seventy-five thousand dollars'' as the designation for the amount to be set aside for a trust, holds at page 538 : ''. . . the words 'said sum of seventy-five thousand dollars' were intended to identify and describe the trust estate and not to limit it.''

The same interpretation may well be extended to the language in the will here : ''. . . the income from the loan to the Crocketts $150.00 a month'' as being for the purpose of identifying and describing what loan, rather than in setting forth an amount to be paid.

While it is true that where one of two equally acceptable interpretations are possible under one of which intestacy is avoided, that one will be preferred, this does not

mean that a court can rewrite a will to arrive at such interpretation. (*Estate of Beldon*, 11 Cal.2d 108 [77 P.2d 1052]; *Estate of Maxwell*, 158 Cal.App.2d 544 [322 P.2d 1018].) The language of the will here in question amply supports the order of the trial court.

The notice of appeal here pretends to appeal not only from the order determining interests in estate but also from the "Order Denying Motion to Vacate Order and Enter a Different Order or in the Alternative for a New Trial." The latter order is not appealable (*Estate of Smith*, 175 Cal.App. 2d 803 [1 Cal.Rptr. 46]), and the purported appeal therefrom is dismissed.

The "Order Determining Interests in Estate" is affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied December 7, 1960.