[Civ. No. 6737. Fourth Dist. Apr. 5, 1962.]

MARK L. HARRIS, Plaintiff and Appellant, v. SPINALI
AUTO SALES, INC., Defendant and Respondent; VIN-
CENT Q. GALIER, Intervener and Respondent; SAL-
VATORE SPINALI, Defendant in Intervention and
Respondent.

Harry V. Ashfield for Plaintiff and Appellant.

MacNulty & Hulden, Richard P. MacNulty and George B. Corn for Defendant and Intervener and Respondents.

COUGHLIN, J.—The determinative issue on this appeal is whether the judgment herein is authorized by a purported stipulation upon which it is based.

The plaintiff, appellant herein, brought this action to recover $25,000 allegedly advanced to the defendant, a corporation, one of the respondents herein; in the first count thereof alleged a cause of action for money had and received in that amount; and in three other counts stated causes of action upon promissory notes respectively in the sums of $10,000, $5,000, and $10,000. The defendant corporation answered, denying the substance of these causes of action and, with respect to the latter three thereof, contended that the promissory notes were not signed by the president of the corporation as required by a resolution of the board of directors, and therefore were not binding upon it. By a complaint in intervention, the president, Vincent Q. Galier, who also is a respondent herein, charged that the plaintiff and a man named Spinali, as officers of the corporation, misappropriated its funds; alleged that he was the sole stockholder in the corporation; contended that the promissory notes in question were void because not executed in accord with the aforesaid resolution; and prayed that the defendants in intervention be required to account to the corporation for all moneys or other property received by them, and that the promissory notes in question be declared void.

Spinali also had filed an action against the corporation to recover $6,000 allegedly loaned by him to it.

Both actions were consolidated for trial, and upon reconvening after the noon recess on the second day thereof, i.e., on February 25, 1960, counsel for the defendant corporation and the intervener made this statement: "We have reached an agreed settlement and I might state it as follows, subject to counsel's correction. The assets of the corporation, whether liquid or not *will be divided* between Mark L. Harris and Mr.

Galier in the following percentages. Mr. Galier will receive seventy percent of the assets of the company and Mr. Harris will receive thirty percent of the assets of the company after the accounts payable and debts of the corporation have been paid''; in a general way described the assets of the corporation; and stated further that ''all of these matters are assets of the corporation and *will be divided*, the net amount *will be divided* between the parties, as I have stated, that is, between the two parties, Mr. Harris and Mr. Galier.'' (Italics ours.) Counsel for Harris, the plaintiff, and for Spinali, a defendant in intervention, replied: ''That is correct. The only item not mentioned that I know of off-hand is some accounts receivable presently in the possession of the corporation.''

Thereupon, by agreement and order of the court, the complaint in the case in which Spinali was plaintiff and the corporation was a defendant, together with a complaint in intervention filed therein, were dismissed.

Although the record is meager on the subject, it appears that thereafter the parties endeavored to execute their ''agreed settlement'' to divide the corporate assets; the clerk's transcript reflects that each of them made motions indicating an attempt to do so; letters from counsel for the defendant and the intervener referring to this attempt also appear in that transcript; but these attempts did not result in the agreed division; and on October 5, 1960 the court entered what was termed a ''JUDGMENT AFTER STIPULATION IN OPEN COURT,'' decreeing that the defendant corporation ''be liquidated''; that its net assets, after payment of corporate debts, ''be divided in kind seventy per cent (70%) to VINCENT Q. GALIER and thirty per cent (30%) to MARK L. HARRIS, and that SALVATORE SPINALI, take nothing.''

The plaintiff's subsequent motions to reopen the case for further proceedings and for a new trial were denied. Thereupon he appealed and contends, among other things, that the statement made in open court by counsel for the defendant and the intervener, which was consented to by his counsel, did not constitute a stipulation authorizing the judgment entered.

 Initially the defendant and intervener, who are the respondents herein, object to a consideration of the appeal upon the ground that a stipulated judgment is not appealable. Reliance is placed on the general rule to this effect. (*Hibernia Savings etc. Soc.* v. *Waymire*, 152 Cal. 286, 287 [92 P. 645].) However, a judgment purportedly entered upon

a stipulation when no stipulation authorizing such exists, or the provisions of which go beyond the terms of the stipulation upon which it purportedly is based, may be set aside on appeal, because in reality it is not a stipulated judgment. (*Reed* v. *Murphy,* 196 Cal. 395, 399 [238 P. 78]; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615, 617 [36 P. 928]; *Egan* v. *Egan,* 90 Cal. 15 [27 P. 22].)

The statement to which counsel for both parties agreed in open court did not constitute a stipulation authorizing the entry of judgment. This statement does not provide that judgment shall be entered in accord with the "agreed settlement"; for a method by which this "agreed settlement" should be effected; that a dissolution of the corporation should be decreed by the court, or even that a dissolution was contemplated; or for disposition of the issues in the instant case, although provision was made with respect to disposition of the Spinali action. The minutes of the court summarized the effect of counsels' statements as follows: "Counsel stipulate to settlement in case No. 233273 [the instant case] and that case No. 233749 [the Spinali case] be dismissed." No mention is made of a stipulation to enter judgment. It is noteworthy that the judgment appealed from is entitled "Judgment *after* Stipulation in Open Court" and not judgment *upon* stipulation in open court (Italics ours); that it is recited therein that counsel for the parties "announced to the court that a settlement had been reached and the terms of said settlement" were "dictated by the respective counsel into the record," but it is not recited that counsel stipulated that judgment should be entered pursuant to the settlement "reached"; that the body thereof contains no adjudication with respect to the validity of the promissory notes sued upon, the plaintiff's claim against the corporation on these notes or for money allegedly advanced to it, the intervener's charge that the plaintiff had misappropriated funds of the corporation, or the intervener's demand that plaintiff account for funds allegedly taken; and that, although it decrees that Spinali take nothing, he had not asked for anything in this action, the intervener's claim against him was not adjudicated, and the statement of counsel made no reference to the disposition of any of the issues in the instant case relating to Spinali, being the issues raised by the complaint in intervention naming him a defendant. A further matter of note, which compounds the effect of the omission from counsels' statement of the "agreed settlement" of any

disposition respecting the validity of the notes in question, is the provision therein that the assets of the corporation to be divided between Harris and Galier were those remaining "after the accounts payable and the debts of the corporation have been paid." Under the judgment entered the notes payable to plaintiff, purportedly executed by the corporation, remain outstanding obligations or, at least, the question whether they are or are not obligations of the corporation remains a subject for further litigation. As to the issues not disposed of, the judgment entered would not be res judicata. (*Quinn* v. *Litten,* 148 Cal.App.2d 631 [307 P.2d 90] ; *Clay* v. *Saute,* 140 Cal.App.2d 681, 685 [295 P.2d 914].)

Ordinarily only one final judgment as to the same parties is permissible in a single action (*Evans* v. *Dabney,* 37 Cal.2d 758, 760 [235 P.2d 604] ; *Nicholson* v. *Henderson,* 25 Cal.2d 375, 378 [153 P.2d 945] ; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357] ; *Bank of America* v. *Lamb Finance Co.,* 145 Cal.App.2d 702, 715 [303 P.2d 86]), and the fact that the terms of the "agreed settlement" as stated to the court, and the judgment thereafter entered, did not dispose of all the issues tendered by the pleadings, supports the conclusion that the settlement reached by the parties did not include an agreement that judgment should be entered in the case. It is reasonable to assume that if the parties intended to stipulate to a judgment they would have disposed of all of the issues presented in the case and the terms of the stipulation would have expressed this intention.

If interpretation of a stipulation is in order the rules applied are those applied to the interpretation of contracts. (*Estate of Howe,* 88 Cal.App.2d 454, 458 [199 P.2d 59] ; *People* v. *Nolan,* 33 Cal.App. 493, 495 [165 P. 715].) It is not the province of the court to add to the provisions thereof (*People's Ditch Co.* v. *Fresno etc. Co.,* 152 Cal. 87 [92 P. 77] ; *Southern Cal. Gas. Co.* v. *Ventura etc. Co.,* 150 Cal. App.2d 253, 257 [309 P.2d 849] ; *Estate of Howe, supra,* 88 Cal.App.2d 454, 459) ; to insert a term not found therein (*Tanner* v. *Title Ins. & Trust Co.,* 20 Cal.2d 814, 824 [129 P.2d 383] ; *Adams* v. *Cook,* 15 Cal.2d 352, 357-358 [101 P.2d 484] ; *Payne* v. *Commercial Nat. Bank,* 177 Cal. 68, 72 [169 P. 1007, L.R.A. 1918C 328] ; *Southern Cal. Gas Co.* v. *Ventura etc. Co., supra,* 150 Cal.App.2d 253, 257) ; or to make a new stipulation for the parties. (*Sass* v. *Hank,* 108 Cal.App.2d 207, 215 [238 P.2d 652] ; *Vierra* v. *Shaffer,* 113 Cal.App.2d

768, 772 [248 P.2d 992]; *Mitchel* v. *Brown,* 43 Cal.App.2d 217, 221 [110 P.2d 456].)

■ The effect of the subject stipulation, under the circumstances of this case, was a question of law, and the determination of the trial court in the premises is not binding on this court. (*Brant* v. *California Dairies, Inc.,* 4 Cal.2d 128, 133 [48 P.2d 13]; *Continental Mfg. Corp.* v. *Underwriters at Lloyds London,* 185 Cal.App.2d 545, 548 [8 Cal.Rptr. 276]; *Estate of Freeman,* 146 Cal.App.2d 49, 58 [303 P.2d 609]; *Mitchel* v. *Brown, supra,* 43 Cal.App.2d 217, 222.)

■ In the stipulation at hand there is no showing of an intent that a judgment should be entered to effect the "agreed settlement" which the parties, through their counsel, related they had "reached"; the judgment entered in purported reliance thereon is without any basis; and should be set aside. (See *Prescott* v. *Ralphs Grocery Co.,* 42 Cal.2d 158, 161 [265 P.2d 904]; *Deevy* v. *Tassi,* 21 Cal.2d 109, 125 [130 P.2d 389].)

The plaintiff has made other contentions in support of his appeal but it is unnecessary to consider these in view of our decision as expressed.

The judgment is reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied May 1, 1962.