[No. 2,298.]

## ZACHARIAH MONTGOMERY, and ELLEN MONTGOMERY, his Wife, *v.* ROBERT O. STURDIVANT.

Deed without Words of Inheritance.—A deed, which in its granting part, simply grants, bargains, and sells to the party of the second part, and contains no words of inheritance, under our statute, conveys a fee simple title; but the title thus conveyed may be limited, in the *habendum* clause, to an estate for life.

Idem. — Such limitation in the *habendum* clause of a deed is not repugnant to the granting clause.

Habendum Clause in a Deed.—The office of the *habendum* clause in a deed is to limit and define the estate which the grantee is to have in the property granted.

Conveyance of Life Estate with Remainder to Heirs.—A conveyance to husband and wife, for their joint lives, and to the survivor during

the life of the survivor, with remainder to the issue and heirs of their two bodies, and the heirs of such issue forever, vests a life estate in the grantees, and a full estate in their children.

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The Court below gave judgment for the plaintiff, direct-- ing the defendant to perform specifically the contract mentioned in the opinion. The defendant appealed.

The other facts are stated in the opinion.

*Williams & Thornton,* for Appellant.

At common law the word heirs, or words of a similar import, are necessary to the creation of a fee.  (4 Kent, 6.) Our statute dispenses with the necessity of such terms to create a fee.  In applying then, this statute to a deed which omits the term *heirs,* and all other words of inheritance, it is necessary to inquire whether or not the intent to pass a less estate than a fee appears by *express terms* in the instrument itself.  If such intent appears, the act has no application to the deed.  The statute does not provide that this express intent must appear in one part or another of the deed.  It matters not whether it appears in the premises or the *habendum,* so that it appears on the face of the deed.  But it is said that the clause in the *habendum* is repugnant to the premises.  We do not see in what the repugnancy consists. The grant is to Montgomery and wife, without stating the quantity of the estate.  It may be for life, for a term of years, or in fee.  It is the very object of the *habendum* "to determine the interest granted, or to lessen, enlarge, explain, or qualify the premises.  But it cannot perform the office of divesting the estate already vested by the deed; for it is void if it be repugnant to the estate granted.  It has degenerated into a mere useless form; and the premises now contain the specification of the estate granted, and the deed becomes effectual without any *habendum.*  If, however, the

premises should be merely descriptive, and no estate be mentioned, then the *habendum* becomes efficient to declare the intention; and it will rebut any implication arising from the silence of the premises." (4 Kent, 519, 520; vide, also, *Mitchell* v. *Wilson*, 3 Cranch C. C. 242; *Jackson* v. *Ireland*, 3 Wend. 101.)

The language, "the issue and heirs of their two bodies," etc., is clearly intended as *descriptio personæ;* for the deed provides that in case of the death of one of them, the share of the one so dying shall go to his child, if he leaves any. (Wash. Real. Prop. 559; Reeves Dom. Rel. 619.) The word "heirs" may sometimes mean the same as child or children, which are words of purchase. The word "issue," in a deed, is always taken as a word of purchase, and when so used is synonymous and coextensive with the term descendants, and includes all persons who answer that description. (4 Kent, 240; Reeves' Dom. Rel. 609 [465]; *Cooper* v. *Collis*, 4 T. R. 299.) This interpretation comports with our statute. (Laws of 1855, Sec. 5, p. 171.) In *Norris* v. *Hensley*, 27 Cal. 445, it is said: "The first thing, therefore, to be ascertained is, what the object of the testator is; the next, whether it is such as the rules of law and equity admit." In *Perrin* v. *Blake*, 4 Burr, 2,579, Lord Mansfield said, the rule (in Shelley's Case) is not a general proposition, subject to no control, where the intention is on the other side, and where the objections may be answered; and he agreed with Justices Wilmot and Aston, that the intention is to govern, and that Shelley's Case does not constitute a decisive uncontrollable rule. (1 Preston on Estates, 275; *Tanner* v. *Livingston*, 12 Wend. 90.) It is a general principle that a person not a party can take nothing by the deed; but remainders are exceptions to the rule. This is admitted in the case of *Eldridge* v. *See Yup Co.*, 17 Cal. 52, 53.

*S. F. & L. Reynolds*, for Respondent.

The most important part of a deed is the premises. A deed may be good with the premises alone, and without any *habendum* clause. The premises in a deed embraces the date, the parties, names and description, the recitals, consideration, the grant, and the thing granted and conveyed. (1 Wood's Conveyancing, 315; 2 Washb. Real Prop. 612, Secs. 6, 7; 372, Secs. 60, 61; 4 Kent, 468, [519]; 2 Blackstone's Com. 298.)

A deed is perfectly good without a *habendum* clause. A grant cannot be included in the *habendum*. If there is no grant, nor thing granted, before the *habendum*, nothing passes. If, therefore, anything is embraced in the *habendum* which is not granted, it does not pass. (1 Wood's Con. 324; 2 Washb. 374.) By the statute of this State, the word "heirs" is not necessary to create an inheritance.

When an estate in fee or of inheritance passes by the premises, and the *habendum* clause is repugnant to the grant, or by it the estate is limited in the premises or granting part of the deed, then the *habendum* must yield to the grant, and is void. (2 Blackstone, 298; 2 Washb. 612, 613, 642; 1 Wood's Con. 314.) The words of the *habendum* are mere words of limitation, as they are called, in distinction from the words in the grant, which are words of purchase and conveyance. (2 Washb. 373.) It is a principle well settled, that a limitation of the freehold to one, whether by deed or will, followed by a limitation in the same conveyance to the heirs, or heirs of the body of the grantee, will vest the inheritance in the grantee. This is the general rule, as settled in the case known as "Shelly's Case." It is said that the word "issue" is a word of purchase. That may be so in certain or limited cases, when the remainder is to the issue "then living," or any other words annexed, showing the intent to confine it to certain persons, as a par-

ticular designation of persons, and not as descendants or to an indefinite issue, or what is called to an indefinite failure of issue, then it may be a word of purchase. Whatever difference of opinion and views may have arisen in certain cases subsequent to Shelly's Case, it will be found that that difference arose rather from the application to the particular case considered, and the facts of such case, than upon the propriety of the rule, as a rule of property. In all those cases the rule, and its propriety as a rule of property and its application, were, with greater learning and ability, discussed in the case of *Perrin* v. *Blake,* 4 Burr, 2,579, than in any other case. (See, also, *Coulson* v. *Coulson,* 2 Atk. 246; 2 Strange, 1,123; and *Haynes* v. *Lorde,* 2 Wm. Blackstone, 698.) The rule in Shelly's Case would apply if the limitation is accompanied by a declaration to the effect that the heirs shall take as purchasers, or is made to the heirs of the first taker and their heirs, or when the estate is to A. for life, and after his death to the heirs of his body, to share as tenants in common, or to be equally divided between them. (Hargrave's Law Tracts, 562–574; *Toller* v. *Atwood,* 15 Q. B. 929; 2 Wash. 272, Sec. 14; *Kingsland* v. *Rapleye,* 3 Edwards, 1.) In the last case, the words " lawful issue " were held to have as extensive a signification as heirs of the body. In Tennessee, in the case of *Polk* v. *Favis,* 9 Yerger, 209, the rule, with all its force, has been declared as a rule of property. It was declared by Judge Reeves to be a settled principle of the common law, and that whatever may have been the original policy of the rule, it was as a rule of property not inconsistent with the genius of our institutions or with the liberal and commercial spirit of the age. It checked the disposition to lock up property and render it inalienable. (*Dore* v. *Featherstone,* 1 Barn. & Adol. 944; *Franklin* v. *Lay,* 6 Madd. 258; *Leigh* v. *Norbury,* 13 Ves. 339; *Doe* v. *Harvey,* 4 Barn. & Cress. 610; *Doe* v. *Cooper,* 1 East, 229.)

By the Court, Temple, J.:

On the 12th day of March, 1864, Bridget M. Evoy, for an expressed consideration of one thousand dollars, conveyed to Z. Montgomery, and Ellen, his wife (the said Ellen being the daughter of the grantor), a tract of land. The premises of the deed contain no words of inheritance, but simply grant, bargain, convey, and confirm to parties of the second part a specific tract of land. The *habendum* is as follows:

" To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said parties of the second part, and to the longest liver of them, for and during their natural lives and the natural life of such longest liver, remainder thereafter to the issue and heirs of their two bodies, begotten and to be begotten, and the heirs of such issue forever, to and for the use and benefit of such longest liver of them, for and during the life of such longest liver, and thereafter to and for the use and benefit of the said issue and heirs of their two bodies, begotten and to be begotten, in equal shares, as tenants in common, the issue, if any, of any child of their bodies who may die before the death of the longest liver of said parties of the second part, to take the share and portion of such deceased child."

In November, 1869, Montgomery and wife made a valid contract, by which they agreed to sell to defendant a portion of this land. In pursuance of his contract they afterwards tendered a deed to the defendant, and demanded a performance on his part, which was refused on the ground that plaintiffs were not the owners of the land in fee simple, the deed from Mrs. Evoy conveying to them a life estate only. This action is brought to compel defendant to perform the contract, and is resisted on the ground above stated.

It is first contended by plaintiffs that under our statute the

granting part of the deed conveyed to them an estate in fee simple, and that the limitation in the *habendum* is repugnant to the grant, and therefore void. The section of the statute referred to is as follows:

"Section 2. The term heirs, or other words of inheritance, shall not be necessary to create or convey an estate in fee simple; and every conveyance of any real estate hereafter executed shall pass all the estate of the grantor, unless the intent to pass a less estate shall appear by express terms, or be necessarily implied in the terms of the grant."

If the *habendum* were entirely omitted, the deed in question would undoubtedly have conveyed an estate in fee simple; and it is, therefore, contended that the language of the *habendum*, which attempts to limit the estate granted to a life estate, is repugnant. Independently of the statute, the common law rule was that a deed like this, without the *habendum*, would convey a life estate only. The estate, though different, was just as definite as that under the rule of the statute. If the argument of counsel were correct, the result would have been that the grant could not have been enlarged by the *habendum*. Yet we all know that where the formal parts of a deed are all used this was the customary mode of conveying, and is still often followed.

The rule of common law was only intended to apply to conveyances in which the extent of ownership of the grantee in the thing granted was not defined in the conveyance. The statute rule was merely intended to take the place of the common law rule. Neither was intended to override the expressed intention of the parties. The office of the *habendum* is to limit and define the estate which the grantee is to have in the property granted. It is not an essential part of a deed, but has generally been used, and in some States the form adopted in this case is in general use. No estate is limited in the granting part of the deed, but this is done in

the *habendum.* The Legislature did not intend to prohibit this form of conveyance, but merely to supply a rule of construction when the parties failed to define the estate conveyed. The word grant, in the last part of the section of the statute, has precisely the same meaning as the word conveyance in the preceding clause.

Giving full effect to the language of the *habendum* clause in this deed, it is a conveyance to the grantees for their joint lives, and to the survivor during the life of the survivor, with remainder to the issue and heirs of their two bodies and the heirs of such issue forever.

It is contended by the defendant, and I think correctly, that this language clearly indicates an intention of limiting the interest of the grantees named in the deed to a life estate, and that the issue or children of the grantees named take by purchase and not by limitation; and this is rendered more evident from the fact that the deed goes further and uses apt words to vest an estate in fee simple in such issue, as though they had been the first takers. It is to them and their heirs, and in a subsequent clause provision is made that they shall take as tenants in common, and that in case of the death of one of them, during the life of the longer liver of the grantees named in the deed, the issue of such deceased child, if any, shall take the share of such deceased child. The conveyance is to the grantees and to the heirs and issues of their bodies. Had it stopped there, undoubtedly, by familiar rules of construction, it would have vested in Montgomery and wife an estate in fee tail general. The word issue, connected as it is with the word heirs, would not indicate a specific designation of certain individuals, but the phrase, heirs of their bodies, would clearly be a *nomen collectivum,* indicating a class of heirs who would take in perpetual succession. It would include all the posterity of the grantees.

But the conveyance vests a new inheritance in the heirs of their bodies. They take an estate of inheritance generally. The remainder is to the heirs of the bodies of the grantees. When once vested in them, however, it is inheritable generally, and may go to those who are not descended from the first grantees. As a new descent commences from the issue of the first grantees, it is necessary that the estate shall vest in them, as the root of this new inheritance. (2 Wash. on Real Prop. 273; 4 Kent Com. 221, and cases there cited.)

This language clearly indicates an intention on the part of the grantor to limit a life estate in Montgomery and wife, and to vest a full estate in their children. Otherwise, by the terms of the conveyance, it would be an estate tail in the first grantees, and an estate in fee simple in their heirs. This, of course, could not be.

Judgment reversed, and cause remanded for further proceedings in accordance with this opinion.