[No. 19384. Department One.—August 13, 1894.]

## GERMAIN PELLISSIER, RESPONDENT, v. AURELIA J. CORKER, APPELLANT.

ALLEYWAY—GRANT OF EASEMENT—TRUST.—A deed granting a tract of land to the grantee, his heirs and assigns, for the sole purpose of an alleyway, to be used in common with the owners of other property adjoining the alleyway, is an express grant of an easement—a right to the use, and nothing more—and does not pass a fee-simple title to the grantee, but merely vests the legal title in the grantee, his heirs and assigns, for the benefit of the owners of the adjacent lots, to be used as an alleyway, and subject to the easement created by the dedication of the strip of land for that use.

ID.—PRESUMPTION—INTENTION APPEARING FROM GRANT—FEE-SIMPLE— LESSER ESTATE.—Under section 1105 of the Civil Code a fee-simple title is presumed to be intended to pass upon a grant of real property only where it does not appear from the grant that a lesser estate was intended, and where it clearly appears from the grant that a lesser estate was intended, a fee-simple title does not pass.

ID.—IRRECONCILABLE PARTS OF GRANT—SINGLE GRANT FOR USE.—The principle declared in section 1070 of the Civil Code that if several parts of a grant are irreconcilable, the former part prevails, has no application where the grant has but one part, which is essentially the grant for a use.

ID.—LIMITATION OF USE.—ESTATE LESS THAN FEE.—The rule that a prohibition or limitation of the use of property granted, which is inconsistent with the title conveyed, is void, has no application where an estate in fee does not pass to the grantee.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edwin Baxter*, and *Westerman & Broughton*, for Appellant.

The deed from Winbigler to Rhinehart did not create a valid limitation upon the use of the property, as such a limitation was inconsistent with the estate granted, and therefore void and inoperative. (4 Kent's Commentaries, 468; 2 Blackstone's Commentaries, 298; *Craig* v. *Wells*, 11 N. Y. 315, 322; *Eldridge* v. *See Yup Co.*, 17 Cal. 45; *Ives* v. *Van Auken*, 34 Barb. 566; *Hill* v. *Priestly*, 52 N. Y. 635; *Mott* v. *Richtmyer*, 57 N. Y. 49.)

*Moye Wicks*, for Respondent.

The reservation in the deed from Winbigler was for the benefit of the parties to the instrument, and not of strangers, and the appurtenance attached to the plaintiff's lots. (Civ. Code, sec. 801, subd. 4.)

GAROUTTE, J.—This action is brought for a perpetual injunction to restrain the defendant from obstructing an alleged alleyway situated between the respective lots of land of the parties. The relief prayed for was granted, and this appeal is prosecuted from such judgment and an order denying a motion for a new trial. Defendant claims title in fee to the land covered by the alleged alley or way, and bases her right to obstruct the same as grantee of one Rhinehart under a certain deed made to him by one Winbigler, the original owner of the entire tract. At the date of this deed he held the title in fee to the strip in dispute, unless it had been previously dedicated.

Appellant insists that the deed from Winbigler passed the title in fee to Rhinehart, and she now relies upon the Rhinehart title; and the determination as to the character of title that passed under that deed is determinative of the case. It recites: "I, David Winbigler, for value received, do hereby grant to W. V. Rhinehart, his heirs and assigns, for the sole purpose of an alleyway, to be used in common with the owners of other property adjoining said alleyway, all that tract of land," etc. We think this deed is an express grant of an easement—a right to the use and nothing more. Section

1066 of the Civil Code declares that grants are to be interpreted in like manner with contracts in general, except so far as is otherwise provided in this article; and upon the face of this writing the intention and the whole intention of the parties is apparent from every line, and that intention was to dedicate the strip of land for use as an alleyway by the owners of the adjacent lots; and that the legal title should be held by Rhinehart, his heirs and assigns, in trust for that purpose, and subject to the easement created by the dedication. If we consider the situation of the parties, and thè surrounding circumstances accompanying the making of the deed, this conclusion is impregnably fortified.

Section 1105 of the Civil Code declares that a fee-simple title is presumed to be intended to pass upon a grant of real property, unless it appears from the grant that a lesser estate was intended; and in this case it clearly appears from the grant that a lesser estate was intended. Appellant invokes a principle laid down in section 1070, that, if several parts of a grant are irreconcilable, the former part prevails, and she now declares that this grant was to ,Rhinehart and his heirs and assigns; that these words conveyed an estate in fee, and that the subsequent language of the deed attempted to create limitations and reservations inconsistent and irreconcilable with the title already created. We think the principle here invoked has no application to the present case. There are no irreconcilable parts to this grant. Indeed, there is but one part to it, and that is essentially the grant for a use.

Many of the cases cited by appellant hold that a prohibition of the use of property granted, inconsistent with the title conveyed, is void. A notable case to this effect is *Eldridge* v. *See Yup Co.*, 17 Cal. 44. It is there held that if land be conveyed in fee-simple, and the *habendum* clause of the deed attempts to limit the use, such attempted limitation is of no effect, as being inconsistent with the fee title. But the present case is not

analogous, and presents no such conditions, for no estate in fee ever passed to the grantee.

For the foregoing reasons, the judgment and order are affirmed.

VAN FLEET, J., and HARRISON, J., concurred.