[Civ. No. 8186.   First Appellate District, Division One.—May 9, 1932.]

LAURA B. MARLIN et al., Respondents, v. JANE STOREY ROBINSON, Appellant.

J. A. Bardin and J. T. Harrington for Appellant.

Silas W. Mack and John Thompson for Respondents.

WARD, J., *pro tem.*—Plaintiffs filed suit to quiet title to a strip of land, alleging that they were the owners in fee, subject to an easement for road purposes only by defendant. Defendant answered, denying plaintiffs' ownership and alleged that defendant was the owner in fee of the property and that plaintiffs had no right, title or interest or estate in the land except that acquired by user; namely, a right of way for road purposes over and along said strip of land. The trial court found in favor of plaintiffs, and defendant appealed.

John Goodrich was the owner of a piece or parcel of land in Monterey County adjoining the real property of his brother-in-law John R. Cantua. In November, 1913, Cantua, whose property abutted a road, conveyed to Goodrich by a grant deed, standard in form, a strip of land off the north side of his property approximately sixteen feet wide by seventy-five feet in length. Immediately following the description in the deed, the following words appear: ''It being along the same road now traveled by said J. R. Cantua. The conveyance being for road purposes only.'' The case involves the construction of the words attached to the granting clause. Plaintiffs and respondents now own the Cantua parcel and defendant and appellant succeeded to the interest in the Goodrich property.

█ Except as provided in article IV, chapter I, title IV, of the Civil Code, grants are construed under the same rule as contracts. (Civ. Code, sec. 1066.) The intention of the parties at the time of execution is the determining factor in the interpretation of a conveyance. (Civ. Code, sec. 1636.) The language in the conveyance is to be first considered and the intention of the parties gathered therefrom before resorting to extrinsic evidence. (*Joerger* v. *Pacific Gas & Elec. Co.*, 207 Cal. 8, 32 [276 Pac. 1017].)

█ It is not the intent of the grantor that governs in such cases. It is the joint intent of the grantor and the grantee. The court's duty is to assume the positions of the parties and to consider the circumstances of the execution of the conveyance, and therefrom, if possible, gain the intent of the parties. (Code Civ. Proc., sec. 1860; *Devlin* v. *Powell*, 67 Cal. App. 165, 170 [227 Pac. 231].) The conveyance in its entirety and each part thereof is to be considered, to give effect to the true intent of the grantor and the grantee. (*Las Posas W. Co.* v. *County of Ventura*, 97 Cal. App. 296 [275 Pac. 817]; *Pitcairn* v. *Harkness*, 10 Cal. App. 295 [101 Pac. 809].)

In considering this clause it must be borne in mind that this was a conveyance giving the right of way for a private and not a public road. The clauses in several deeds may be quite similar, but the intent of the parties entirely different. If a grantor conveys, without condition or reservation, a strip of land to a municipal corporation for road purposes he loses any right of dominion over the land, for the reason that the public body must of necessity control the use and operation of the road. In *Whitaker* v. *Regents of University of California*, 39 Cal. App. 111, 117 [178 Pac. 308, 311], the court said: "In conclusion, it may be proper to remember that this gift was for a public purpose, and it should be regarded with even greater consideration than if the grant were for the use and benefit of a certain individual." Between private parties a fee or an easement may be conveyed depending upon the construction of the instrument, the circumstances under which it was made, its usage, the situation of the subject and the parties to it.

Most of the citations presented by appellant are cases wherein land was conveyed for a public purpose, or if

to a private corporation or individual, there was no trust reserved, nor forfeiture or re-entry clause, depending upon the nature of the conveyance. The decisions in each of these cases recognize the rule that the terms of the conveyance are to be construed strictly against the grantor, but that the real test is the intent of the grantor and the grantee. If this intent can be ascertained from the language of the instrument, the determination is immediate; if not, then it is necessary to consider the surrounding circumstances, etc. If the language used is so ambiguous, indefinite, uncertain or unintelligible that it is impossible to ascertain the intent even considering the surrounding circumstances, then resort may be had to parol evidence. In *Cooper* v. *Selig*, 48 Cal. App. 228 [191 Pac. 983, 984], the following expression was used: "for the purposes of a public road of said city". The court determined that the intent of the grantor was to pass the fee title. In *Forgeus* v. *County of Santa Cruz*, 24 Cal. App. 193, 199 [140 Pac. 1092, 1094], the court also decided the matter upon the question of intent, holding: "The intention was clearly to grant merely a right of way." In *Pellissier* v. *Corker*, 103 Cal. 516–518 [37 Pac. 465, 466], the following words were used: " . . . for the sole purpose of an alleyway", which was held to limit the estate granted to an easement. In that case the court said: "Section 1105 of the Civil Code declares that a fee-simple title is presumed to be intended to pass upon a grant of real property, unless it appears from the grant that a lesser estate was intended; and in this case it clearly appears, . . . that a lesser estate was intended". In *Parks* v. *Gates*, 186 Cal. 151–155 [199 Pac. 40, 42], it was said: " . . . but the grant of land as a right of way recognizes nothing but an easement". The grant of land " 'to be used for a road' " or "for road purposes only" may be consistent with the transfer of a fee-simple title or the retention of the fee with the passing of an easement title, depending upon the intent of the parties.

The strip of land in this case was the only means used by Cantua and Goodrich in going to and coming from their respective homes. It was so used for a long time prior and subsequent to the conveyance. There is no doubt that each party actually intended that it should be

used only as a means of travel to the county road. That portion of the disputed phraseology, namely, "It being along the same road now traveled by said J. R. Cantua" is simply descriptive of the particular strip. "The conveyance being for road purposes only" is indicative of the intention that each party would not attempt to use this strip of land for any object or purpose other than a road. If Cantua intended to convey the fee to Goodrich, but to retain a right of way for himself, he failed to designate in exact and definite language his privilege to use the road; and still his action prior and subsequent thereto indicated an intent to retain a right to use this strip as a passageway to the county road. The only purpose in Goodrich acquiring any interest in this parcel of land was to use it as a right of way. He was prohibited from using it for any other purpose. Putting ourselves in the positions of the grantor and the grantee, and considering the prior and subsequent actions of the parties, together with the location of the particular strip relative to the homes of the grantor and the grantee and the phraseology itself, Cantua reserved his fee interest and conveyed only a right of way to Goodrich.

During the trial, the following question was propounded to the grantee Goodrich: "What was your intention when you took that conveyance from Cantua?" To which question Goodrich replied: "I concluded if I ever wanted to sell out—I have a privilege to go out, and if I sell the place I could not go and give anybody else the privilege. I had no papers to show it before I got this document, being one of the family, but I had nothing to show for it, and I concluded if I ever wanted to sell, or they would sell, I had nothing to show I had a right of way to get out and I could not get out any other way." If this answer was admissible in evidence, it put an end to this controversy. It was an admission by the grantee that he only sought and obtained a right of way. An objection was interposed and the court said: "Overruled *pro-forma,* and the court will make its formal ruling upon the matter before decision in the case." If the court had ruled subject to a motion to strike out and appellant failed to present such motion, the evidence would stand without a good objection on appeal. However, the court

indicated an intention to rule before decision without further objection or motion by appellant. No ruling was made and hence the evidence remains a part of the record. In this case it was unnecessary to resort to parol evidence. The language used in the deed, considered with all the surrounding circumstances, was sufficient to determine this question.

Appellant contends that the error was prejudicial and that the decision of the case probably rested upon the testimony of the grantee Goodrich, the predecessor in interest of appellant. The evidence, without the testimony of Goodrich, preponderated in favor of respondents. We are not convinced that the Goodrich statement was the determining factor with the trial court, but assuming that it was, a reversal upon that ground would not avail to the benefit of appellant. In view of the decision herein, no other judgment could be entered by the trial court.

After an examination of the entire cause, this court is unable to reach an opinion that the error resulted in a miscarriage of justice. Judgment affirmed.

Knight, Acting P. J., and Cashin, J., concurred.