[Civ. No. 20145. Second Dist., Div. One. June 1, 1954.]

BASIN OIL COMPANY OF CALIFORNIA (a Corporation), Plaintiff, v. CITY OF INGLEWOOD, Respondent; GEORGE W. MATSON et al., Appellants.

No appearance for Plaintiff.

Blek & Wilcox and C. F. Wilcox for Appellants.

Clyde Woodworth, City Attorney (Inglewood), and John F. Bender for Respondent.

MOSK, J. pro tem.*—On November 15, 1909, appellants' predecessors in interest executed and delivered a document to the respondent city of Inglewood providing in part as follows:

"That said undersigned first parties, in consideration of the sum of One Dollar to them in hand paid, the receipt of which is hereby confessed and acknowledged, and also in consideration of the benefits to be derived by said first parties from the acceptance by second party of this deed and of the land hereby offered for dedication as part of a public street, do hereby grant unto said second party those certain parcels of land, situated in the City of Inglewood, County of Los Angeles, State of California, more particularly described as follows, to wit: . . ." (Thereafter followed the legal description.)

"To HAVE AND TO HOLD unto the said second party for public street or right-of-way and to form a portion of that public street now named and known as Centinela avenue."

On August 17, 1945, the Basin Oil Company of California, a corporation, entered into a community oil lease covering lands described in the foregoing instrument. As a result of Basin's operations, there accrued certain royalties to the owner of the fee.

Being unable to ascertain the true fee owner, Basin filed its complaint in interpleader naming as defendants the city of Inglewood and the several landowners whose property abutted the property involved herein. The city cross-complained to quiet title, to which cross-complaint appellants George W. Matson and Rose Matson answered.

No testimony was taken at the trial, it being stipulated by the parties that the sole question involved was a determination of whether the instrument granted to Inglewood fee title in the land or merely an easement.

The trial court rendered judgment for Inglewood, thus

---

*Assigned by Chairman of Judicial Council.

ascertaining that the instrument was in fact a deed conveying a fee, and from that ruling the Matsons have appealed.

The primary expression of purpose for which the property passed to the city is contained in the habendum clause. The granting clause makes reference to the "land hereby offered for dedication as part of a public street," but it seems clear that the phrase was set forth as part of the consideration of the transaction—the benefit accruing to the grantors—and not as a condition subsequent, covenant or limitation on the estate. We therefore are concerned here with the language of the habendum clause.

Traditionally deeds were rigidly divided into habendum and granting clauses, and where appropriate, into reddendum clauses. ■ The common-law rule provided that the granting clause must prevail over the habendum or any later clause if any repugnancy existed. (Devlin, *The Law of Real Property and Deeds*, 3d ed., p. 310 ff; *Boyer* v. *Murphy*, 202 Cal. 23, 29 [259 P. 38]; *Eldridge* v. *See Yup Co.*, 17 Cal. 44, 45, 52.)

The modern tendency, almost universally accepted, is to abandon the strict common-law rule of construction. The cardinal requirement in the construction of deeds now, as in the construction of other instruments, is that the intention of the parties as gathered from the whole instrument must govern. (*Boyer* v. *Murphy, supra*. See discussion in 84 A.L.R. 1063. *Barnett* v. *Barnett*, 104 Cal. 298 [37 P. 1049]; *Faivre* v. *Daley*, 93 Cal. 664 [29 P. 256]; *Pavkovich* v. *Southern Pac. Co.*, 150 Cal. 39 [87 P. 1097]; *Jacobs* v. *All Persons*, 12 Cal.App. 163 [106 P. 896].) Thus if it should appear from such consideration that the grantor intended by the habendum clause to restrict or limit or enlarge the estate named in the granting clause, the habendum may prevail. (*Boyer* v. *Murphy, supra*; *Burnett* v. *Piercy*, 149 Cal. 178, 192 [86 P. 603]; *Montgomery* v. *Sturdivant*, 41 Cal. 290.) As stated in *Parks* v. *Gates*, 186 Cal. 151 at 154 [199 P. 40]:

"Under the rules of construction the whole instrument must be read together to determine the effect of a deed, and the habendum may be resorted to as a limitation upon the state granted."

■ If an intention to pass particular title is disclosed, the court will give effect to such intention notwithstanding inaccuracy of expression or inaptness of the words used. (*Olson* v. *Cornwell*, 134 Cal.App. 419, 427 [25 P.2d 879].)

Analysis of cases on this subject makes it abundantly clear that it is impossible to lay down an invariable and universal rule of construction. (*Faivre* v. *Daley, supra*, at p. 671.) Every transaction must be considered individually.

 In the instant case, the grant considered alone was unlimited and unqualified. A fee simple title is presumed to be intended to pass by a grant of real property, unless it appears from the grant that a lesser estate was intended. (Civ. Code, § 1105.)

On the other hand, reasonable minds could scarcely disagree that the intention of the contracting parties was for the property to be used as a public street. Thus there is posed the issue of whether an intention to proscribe the use may result in reducing the estate granted from a fee to an easement. The word "easement" is nowhere used in the instrument.

There are some cases holding that the limitation on use may also limit the estate transferred. A deed conveying "for road and watering purposes all of the following described tracts" was held to convey only an easement in *West Texas Utilities Co.* v. *Lee*, (Tex.Civ.App.) 26 S.W.2d 457.

But the vast majority of cases hold the transfer of a fee title is not vitiated solely for the reason that the deed contains a clause declaring the purpose for which it is intended the granted premises shall be used. This is particularly indicated where such purpose will not inure specially to the benefit of the grantor and his assigns, but is in its nature for the general public, and where there are no other words indicating an intent that the grant is to be void if the declared purpose is not fulfilled. (*Kilpatrick* v. *Mayor, etc., of Baltimore*, 81 Md. 179 [31 A. 805, 48 Am.St.Rep. 509, 27 L.R.A. 643]; *Greene* v. *O'Connor*, 18 R.I. 56 [25 A. 692, 19 L.R.A. 262].)

The words "and to no other use, intent or purpose, whatsoever" have been held not to convert what would otherwise be an absolute grant into one that is conditional. (*Delaware L. & Dev. Co.* v. *First and Central Presb. Church*, 16 Del. Ch. 410 [147 A. 165].)

Appellant relies upon the case of *Marshall* v. *Standard Oil Co.*, 17 Cal.App.2d 19 [61 P.2d 520]. But the decision there noted that the deed contained reservations in the granting, not the habendum clause, and in that respect differed from most cases on this subject. Said the court (at p. 23): "This distinction is made clearly to appear from the following

excerpts which we quote from 9 California Jurisprudence, page 274: 'An expression of the purposes of the conveyance as to the use of the property conveyed, "as for the purpose of a public road," or "for a county high-school ground and premises," or for certain religious and educational purposes, are generally held to be directory only, and not to qualify or limit a grant which is in absolute form. But this principle is not applicable where the qualifying words are in the granting part of the deed, and so clearly connected with the word "grant" as naturally to suggest that the intention was merely to convey the right to use the property for a certain purpose.' "

*Marshall* differs materially from the instant case, too, in that it was not a suit to ascertain respective interests in the property, but was brought to restrain the violation of the exclusive purposes described in the deed. The word "exclusively," said the court (p. 25), has a definite and certain meaning, and under the circumstances of that case gave rise to an injunction against the use of premises for purposes other than those specified in the deed.

While the court found only an easement in *Pellissier* v. *Corker*, 103 Cal. 516 [37 P. 465], it was a transaction between two adjacent landowners and their intent not to convey title in fee seemed incontrovertible. To the same effect is *Parks* v. *Gates, supra.*

The case of *Cooper* v. *Selig*, 48 Cal.App. 228 [191 P. 983], is more in point. Property therein was deeded to the city "for the purposes of a public road of said city." The court reviewed many cases and concluded that such expressions (p. 233) "do not qualify or limit a grant which is in absolute form, or operate to reduce the conveyance to that of an easement only."

■ It is not the intent of the grantor that governs in ascertaining the extent of the estate conveyed. It is the joint intent of the grantor and the grantee. ■ Thus consideration must be given to whether the grantee is a public agency or a private person. For it is pointed out in *Marlin* v. *Robinson*, 123 Cal.App. 373, 375 [11 P.2d 70], that "If a grantor conveys, without condition or reservation, a strip of land to a municipal corporation for road purposes he loses any right of dominion over the land, for the reason that the public body must of necessity control the use and operation of the road." (See also *Whitaker* v. *University of California*, 39 Cal.App. 111, at 117 [178 P. 308].)

■ There is no compelling reason why public street purposes cannot be served by the passing of a fee interest as well as by grant of a mere easement. The case of *Las Posas W. Co.* v. *County of Ventura*, 97 Cal.App. 296 [275 P. 817], discusses a deed comparable to the one at hand, and concludes (p. 299): "Appellant contends that some effect must be given to the words 'as a public highway.' These words indicate the use to which the land should be put and they are not at all inconsistent with a conveyance of the title in fee. The land could be used 'as a public highway' equally as well whether a fee or a mere easement was conveyed."

■ In construing the instrument we cannot overlook the fact that if the grantors really intended to convey only an easement, they could have easily so expressed that purpose. (*Las Posas W. Co., supra*; *Cooper* v. *Selig, supra*.)

Their failure to do so must be considered together with the presumption that a fee simple title passed (Civ. Code, § 1105) and the rule that a grant is to be interpreted in favor of the grantee (Civ. Code, § 1069).

Therefore we reach the same conclusion as the trial court that fee title passed to the grantee, city of Inglewood, in 1909.

The judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.