[Civ. No. 21967.   Second Dist., Div. One.   Mar. 5, 1957.]

CITY OF GLENDORA, Plaintiff and Respondent, v. L. C. FAUS et al., Appellants; PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Defendant and Respondent.

John Boyce-Smith for Appellants.

No appearance for Plaintiff and Respondent.

E. D. Yeomans and Roger M. Sullivan for Defendant and Respondent.

WHITE, P. J.—L. C. and Mary G. Faus, two of the defendants, appeal from an Interlocutory Judgment in Condemnation that "upon payment by the plaintiff City of Glendora, a municipal corporation, of the sum of Forty-seven Thousand Four Hundred Dollars ($47,400.00) to the defendant Pacific Electric Railway Company . . . the said plaintiff

. . . shall thereupon become the owner of the fee of the lands and all rights and properties therein . . .'' and that the defendants Faus are entitled to no ''compensation for the taking of their or any of their rights, titles, interests or estates, if any, in or to any of the property described in plaintiff's complaint. . . .''

Appellants claim an interest in Parcel 2 only. It is 1,600 feet long, the easterly 830 and the westerly 450 feet of which is 80 feet wide, and the center of which is wider—140 feet thereof being 195 feet wide, 20 feet thereof being 255 feet wide and 160 feet thereof being 95 feet wide. The 80 foot strip was used for Pacific Electric Railway tracks and the wider portion was occupied by the Glendora station, station grounds and a team track.

By the instant action the city of Glendora condemned said land for use for off-street motor vehicle parking purposes. The court found ''that the property described . . . has heretofore been appropriated to a public use, i.e., railroad purposes, but that the use for which the property is herein sought to be condemned . . . is now a more necessary public use than the present continuation of the use to which the same had heretofore been appropriated.'' The court further found ''that the defendant Pacific Electric Railway Company acquired title to the property . . . by virtue of deed dated June 1, 1906, from Glendora Land Company, a corporation, to the Los Angeles Inter-Urban Railway Company, predecessor in interest of the present railway company; that said deed granted to the railway company a fee upon certain conditions, two of which expressly provide for reverter of title in case of breach; that the recital 'for railroad purposes only' contained in the granting clause of said deed was not a condition but, at the most, a covenant, and the breach thereof by defendant Pacific Electric Railway Company would not cause a divestment of their title; that none of the remaining conditions or covenants of the said deed have been breached, and the defendant Pacific Electric Railway Company is the owner in fee simple of the aforesaid property and entitled to the award to be given therefor; and the court having found that defendant Pacific Electric Railway Company acquired title to the aforesaid property by virtue of said deed, and is now the owner in fee simple thereof by reason of the specific things and matters found by the Court in this paragraph aforesaid, the Court therefore expressly makes no findings on the remaining issues with regard to title raised by the plead-

ings of the defendants herein." The court further found that none of the other defendants, including appellants, has any "right, title, interest or estate of a compensable nature in or to any of the property described. . . ." (Emphasis added.)

The deed of June 1, 1906, between Glendora Land Company and Los Angeles Inter-Urban Railway Company, reads in part as follows: "Witnesseth: That the said party of the first part for and in consideration of the sum of ten dollars ($10.00) to it in hand paid by the party of the second part, the receipt whereof is hereby acknowledged by the said party of the first part, *doth hereby grant, bargain, sell and convey,* unto the said party of the second part, *for railroad purposes only, and* subject to the conditions hereinafter specified, all those certain pieces or parcels of land . . . (property description) . . . Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining, and the rents, issues, and profits thereof, subject however to the following conditions, which the party of the second part for itself and its successors and assigns, accepts and obligates itself, to fulfill, to-wit: . . . (conditions) . . .

"To Have and to Hold, all and singular the said premises together with the appurtenances unto said party of the second part, its successors and assigns forever, subject to the foregoing conditions."

Appellants, in their answer, allege that defendant Pacific Electric operated its electric railroad along and over said parcel of land and maintained a depot thereon from about June 1, 1906, until on or about September 29, 1951, when service upon said line was terminated, discontinued and abandoned with the approval of the Public Utilities Commission of the State of California, and that since September 29, 1951, said property has not been used for railroad purposes. It is their contention that the use "for railroad purposes only" was abandoned and that, upon such abandonment, all the right, title, interest or claim of defendant Pacific Electric reverted to appellants, as successors of the Glendora Land Company. Since the record on appeal is a Clerk's Transcript only and because of the "Stipulation for Separate Trial of Issue of Title" and the stipulation that "if on appeal said judgment shall be reversed in full or in part then all the findings of fact and conclusions of law are to be set aside and a new trial shall be had on all issues raised by the pleadings except as may be limited by the appellate opinion or order

of reversal . . .,'' purposely we make no comment regarding appellants' alleged ownership of the land.

In the instant action, the trial judge filed a six-page memorandum decision explaining his judgment. In it, he states that ''The first issue to be determined is the nature of the estate created by the deed dated June 1, 1906 . . . specifically whether said deed created a fee title or an easement.'' He then states that he has concluded that the deed transferred to the grantee fee title to the property involved.

The trial judge cites, as authority for his decision that ''the deed creates a fee title rather than an easement,'' the following California decisions: *Behlow* v. *Southern Pac. R. R. Co.,* 130 Cal. 16 [62 P. 295]; *Hannah* v. *Southern Pac. R. R. Co.,* 48 Cal.App. 517 [192 P. 304]; *Moakley* v. *Blog,* 90 Cal. App. 96 [265 P. 548]; *Basin Oil Co.* v. *City of Inglewood,* 125 Cal.App.2d 661 [271 P.2d 73]; and *Shultz* v. *Beers,* 111 Cal. App.2d 820 [245 P.2d 334]. Of these decisions, respondent cites only one in its brief on this appeal, to wit: *Hannah* v. *Southern Pac. R. R. Co.,* which it states is the ''closest analogy to the factual situation'' in the instant action.

The cases of *Hannah* v. *Southern Pac. R. R. Co., supra, Behlow* v. *Southern Pac. R. R. Co., supra, Moakley* v. *Blog, supra,* and *Shultz* v. *Beers, supra,* involve deeds containing statements concerning the purpose of the grant appearing in parts other than in the granting clauses thereof.

*Basin Oil Co.* v. *City of Inglewood, supra,* is an action in interpleader for the purpose of ascertaining the true owner of a strip of land conveyed in 1909 to the city, by an instrument which recites as part of the consideration the acceptance ''of the land hereby offered for dedication as part of a public street,'' and, after the property description, contains the following: ''To Have and to Hold unto the said second party for public street or right-of-way and to form a portion of that public street now named and known as Centinela avenue.'' The sole question involved was whether the deed to the city granted the fee title or merely an easement. Judgment that the city was the owner of the fee and entitled to payment of oil royalties was affirmed. However, in that decision, at page 664, it is said:

''There are some cases holding that the limitation on use may also limit the estate transferred. A deed conveying 'for road and watering purposes all of the following described tracts' was held to convey only an easement in *West Texas Utilities Co.* v. *Lee,* (Tex.Civ.App.) 26 S.W.2d 457.

"     .   .   .   .   .   .   .   .   .   .   .   .

"Appellant relies upon the case of *Marshall* v. *Standard Oil Co.*, 17 Cal.App.2d 19 [61 P.2d 520]. But the decision there noted that *the deed contained reservations in the granting, not the habendum clause,* and in that respect differed from most cases on this subject. Said the court (at p. 23): 'This distinction is made clearly to appear from the following excerpts which we quote from 9 California Jurisprudence, page 274: ''An expression of the purposes of the conveyance as to the use of the property conveyed, 'as for the purpose of a public road' or 'for a county high school ground and premises,' or for certain religious and educational purposes, are generally held to be directory only, and not to qualify or limit a grant which is absolute in form. But *this principle is not applicable where the qualifying words are in the granting part of the deed,* and so clearly connected with the word 'grant' as naturally to suggest that the intention was merely to convey the right to use the property for a certain purpose.'' ' '' (Emphasis added.)

From a careful consideration of the Basin Oil Company decision, *supra,* it appears to us that, had the granting clause of the deed there involved contained the words limiting the use of the land, as does the granting clause which is the subject of the instant appeal, the decision would have been different.

As urged by respondent, conceded by appellant, and concluded by the trial court, the words "for railroad purposes only" found in the granting clause of the deed being considered on the instant appeal are not a condition subsequent. Therefore, we shall not discuss the cases concerning conditions subsequent cited by the parties.

The decision in *Marshall* v. *Standard Oil Co.*, 17 Cal.App.2d 19 [61 P.2d 520], depended upon the construction of a deed from Huntington Beach Company to the city of Huntington Beach. At page 25, the court said: "The deed under construction, in the granting part thereof, uses language which we think clearly imparts the intention of the parties at the time of its execution. We refer to the following language contained therein: 'Reserving and providing, however, that the land herein conveyed is to be used exclusively for street purposes' . . . The word 'exclusively' has a definite and certain meaning." Judgment perpetually enjoining the City and its lessee from drilling for oil on any portion of the strip conveyed was affirmed.

In *Marshall* v. *Standard Oil Co., supra,* however, it is said that the city had accepted the deed of the strip of land in trust for use as a public street exclusively; and that the grantor was entitled to have the trust agreement enforced, and, at page 29, that "the acceptance of a deed containing a covenant on the part of a grantee is equivalent to an agreement on the part of the grantee to perform the same." While a covenant may be enforced by injunction or may support an action for damages for breach thereof, its breach would not cause a reversion of the title to the grantor. Therefore, we are not discussing the cases cited by the parties involving breaches of covenants to use lands for certain purposes.

Since the Supreme Court, speaking through Mr. Justice Schauer, in the footnote to its decision, *Highland Realty Co.* v. *City of San Rafael,* 46 Cal.2d 669, 677 [298 P.2d 15], (decided after the judgment in the instant action) indicates that "the interest in land which an easement constitutes is real property and may itself be held in fee simple" (citing cases), the question to be determined on the instant appeal may be more clearly stated as follows: Did the deed of June 1, 1906, convey to defendant Pacific Electric an unlimited fee title to the land itself or a fee title to an easement entitling it to use the land "for railroad purposes only"?

If the Pacific Electric is the owner of an unlimited fee title to the land itself, then, as decided by the trial court, appellants could have no interest in the land.

"An easement acquired by a utility for a public purpose is terminated by abandonment of that purpose, and whether or not there has been such an abandonment is ordinarily a question of fact. (*Slater* v. *Shell Oil Co.,* 39 Cal.App.2d 535, 549-550 [103 P.2d 1043], and cases there cited.)" (*People* v. *Ocean Shore Railroad, Inc.,* 32 Cal.2d 406, 417 [196 P.2d 570, 6 A.L.R.2d 1179].)

"Further, the general rule is that 'in construing contracts and deeds for railroad rights of way such deeds are usually construed as giving a mere right of way, although the terms of the deed would be otherwise apt to convey a fee." (*Highland Realty Co.* v. *City of San Rafael, supra,* p. 678.) The same rule is applicable to the grant of the wider portion to be used as a station. See *Tamalpais etc. Co.* v. *Northwestern Pac. R. R. Co.,* 73 Cal.App.2d 917 [167 P.2d 825].)

While section 802 of the Civil Code names only six servitudes which may be granted and held although not attached to land, the extent of a servitude is determined by the terms

of the grant, or the nature of the enjoyment, by which it was acquired (Civ. Code, § 806) and there seems to be no actual limit to the uses of one's land which may be transferred. ". . . the novelty of the burden is no bar to its recognition as an easement if its creation violates no principle of public policy." (17 Cal.Jur.2d 93; *Wright* v. *Best,* 19 Cal.2d 368, 382 [121 P.2d 702].)

Grants are generally to be interpreted in like manner with contracts (Civ. Code, § 1066). "A clear and distinct limitation in a grant is not controlled by other words less clear and distinct." (Civ. Code, § 1067.) And it is only when "the operative words of a grant are doubtful" that other parts may assist in construing the grant. (Civ. Code, § 1068.) Even if there were parts absolutely irreconcilable, the former of the irreconcilable parts prevails. (Civ. Code, § 1070.)

The grant being considered in the instant action is a grant "for railroad purposes only." The portions of the instrument following the granting clause so limited, contain no language inconsistent with the grant of the use for railroad purposes only of the land described. From a consideration of the entire instrument, including the granting clause, we are persuaded that the predecessors of defendant Pacific Electric Railway intended, to and did grant an easement or right to use said land for railroad purposes only.

It is urged by respondent that had the intent been to so limit said grant, the property could have been described as a "right-of-way." ■ However, the words "right of way" may refer to the land owned in unlimited fee by the owner of the road or railroad passing over it, or the term may be used to denote an easement only. The deed in the instant action, in our opinion, is clearer because of the limited grant.

■ In order to grant an easement it is necessary to describe both the land to be subjected to a use and the use to which the land is to be subjected. ■ We believe the grant in the instant action has done that. The easement is not limited to use as a "right of way," but to use "for railroad purposes only," which, of course, includes the building and operating of a station connected with the railroad.

The judgment is reversed.

Doran, J., and Fourt, J., concurred.

The *petition* of *defendant* and respondent for a hearing by the Supreme Court was denied May 1, 1957. Schauer, J., was of the opinion that the petition should be granted.